IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| MARY BETH WHITE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. CIV-16-1265-D |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

# **O R D E R**

Before the Court is Defendant United States' Motion to Dismiss [Doc. No. 11], filed pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6). The United States asserts its sovereign immunity from suit in this action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-80, and alternatively asserts that the Complaint fails to state a claim on which relief can be granted. Plaintiff Mary Beth White has responded in opposition to the Motion, and Defendant has replied. Thus, the Motion is fully briefed and at issue.

**Factual and Procedural Background**

Plaintiff brings suit to recover damages for personal injuries allegedly suffered as a result of negligence by employees of the United States Postal Service ("USPS") who failed to maintain safe conditions at a post office facility in Newalla, Oklahoma. Plaintiff claims she slipped and fell on a wet floor on November 12, 2013. Plaintiff alleges she complied with the procedural requirements of the FTCA by filing an administrative claim with USPS on November 4, 2015, and filing suit after her claim was deemed denied. By her Complaint, Plaintiff asserts a premises liability claim against the United States based on

the alleged negligence of unidentified USPS employees who "created a hazard," "maintained [the facility] in a dangerous condition," "failed to warn Plaintiff and other invitees of the aforesaid condition," and "failed to remove or correct said condition." *See* Compl. [Doc. No. 1], ¶ 9.

Although not alleged in the Complaint, Defendant alleges and presents evidence with its Motion to show that the wet floor was caused by mopping work being performed at the time of Plaintiff's fall by a USPS contractor, Patrick Ryan. Plaintiff does not dispute Mr. Ryan's mop caused the wet spot on the floor, but she denies he was an independent contractor rather than an employee.[1] Plaintiff also argues that, regardless of Mr. Ryan's status, "USPS employees other than the cleaning person may also be responsible for the condition of the premises." *See* Pl.'s Resp. Br. [Doc. No. 12] at 11. Alternatively, Plaintiff asserts that Defendant should be estopped from raising an independent contractor defense because USPS engaged in settlement negotiations for more than three years without mentioning the defense and so prevented her from pursuing a claim against Mr. Ryan.

## Defendant's Motion

Defendant seeks a dismissal for lack of subject matter jurisdiction based on the doctrine of sovereign immunity, which "precludes suit against the United States without the consent of Congress [and] the terms of its consent define the extent of the court's jurisdiction." *Franklin Sav. Corp. v. United States* (*In re. Franklin Sav. Corp.*), 385 F.3d 1279, 1287 (10th Cir. 2004) (internal quotation omitted); *see Governor of Kan. v.*

---

[1] Plaintiff also does not dispute the authenticity of the written materials supporting Defendant's Motion.

*Kempthorne*, 516 F.3d 833, 841 (10th Cir. 2008). "The [FTCA] is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976); *see* 28 U.S.C. § 1346(b)(1). The FTCA mandates that the government's liability for the actionable conduct of a federal employee is determined by "the law of the place where the act or omission occurred." 28 U.S.C. §§ 1346(b)(1), 2674; *see Hoery v. United States*, 324 F.3d 1220, 1222 (10th Cir. 2003); *Ayala v. United States*, 49 F.3d 607, 611 (10th Cir. 1995).

Defendant asserts that it has not waived immunity for acts or omissions of an independent contractor.[2] In relevant part, the FTCA defines "employee" to mean "officers or employees of any federal agency," and "federal agency" excludes "any contractor with the United States." *See* 28 U.S.C. § 2671. Relying on this "independent contractor exception" (*Orleans*, 425 U.S. at 814), Defendant provides evidence that USPS had a written "Cleaning Services Agreement" with Mr. Ryan as a "self-employed individual" and a "supplier" of commercial cleaning services. *See* Mot. Dismiss, Ex. 2 [Doc. No. 11-2]. The contract expressly provided, in pertinent part: "The supplier agrees and acknowledges that he/she is performing this service as an independent contractor and not

---

[2] As an alternative basis for dismissal, Defendant asserts that the Complaint fails to state a plausible claim because it contains insufficient factual allegations to establish premises liability based on the negligence of a government employee. The Court cannot reach the merits of Plaintiff's claim, however, unless it determines that jurisdiction exists. "The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (internal quotation omitted); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584-85 (1999).

an employee of the Postal Service, for any purpose, and that the terms of this agreement shall not be construed to create any further relationship between the parties other than an independent contractor status." *Id*. at 2. The contract made the supplier responsible for any required license or permit, compliance with applicable laws, and "all damages to person or property . . . that occurs as a result of its omission(s) or negligence." *Id*. The contract also expressly provided: "The supplier must take proper safety and health precautions to protect the work, the workers, the public, the environment, and the property of others." *Id*. From this, Defendant contends USPS contractually delegated its safety responsibilities, including any duty to warn of a hazard, to Mr. Ryan. *See* Mot. Dismiss [Doc. No. 11] at 11.[3]

## Standard of Decision

Because sovereign immunity affects subject matter jurisdiction, the defense may properly be asserted by a motion to dismiss under Rule 12(b)(1). *See Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995); *see also E.F.W. v. St. Stephen's Indian High Sch.*, 264 F.3d 1297, 1302-03 (10th Cir. 2001). "Motions to dismiss for lack of subject matter jurisdiction generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *City of Albuquerque v. U.S. Dep't*

---

[3] Defendant also argues USPS's decision to delegate safety matters to cleaning contractors is protected by the discretionary function exception of the FTCA. *See* 28 U.S.C. § 2680(a) (barring any claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government"). Plaintiff does not address this argument, or seek to challenge the USPS's delegation of safety matters related to cleaning services.

*of Interior*, 379 F. 3d 901, 906 (10th Cir. 2004) (internal quotation omitted); *see Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013). If the motion challenges only the sufficiency of a plaintiff's jurisdictional allegations, a district court must confine itself to the complaint and accept the factual allegations as true. *See Holt*, 46 F.3d at 1002; *see also Peterson*, 707 F.3d at 1206. But where the motion challenges the facts on which subject matter jurisdiction depends, "a district court may not presume the truthfulness of the complaint's factual allegations" and "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Holt*, 46 F.3d at 1003; *see Paper, Allied Indus., Chem. & Energy Workers Int'l Union v. Continental Carbon Co.*, 428 F. 3d 1285, 1292 (10th Cir. 2005); *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002); *E.F.W.*, 264 F.3d at 1303. As the party asserting federal jurisdiction, Plaintiff bears "the burden of alleging the facts essential to show jurisdiction and supporting those facts with competent proof." *United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797-98 (10th Cir. 2002); *see Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010); *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

A court must convert a Rule 12(b)(1) motion to a Rule 56 motion for summary judgment "when resolution of the jurisdictional question is intertwined with the merits of the case." *See Holt*, 46 F.3d at 1003. The jurisdictional question is intertwined with the merits of the case if "resolution of the jurisdictional question requires resolution of an aspect of the substantive claim." *See Continental Carbon*, 428 F.3d at 1292; *see also Sizova*, 282 F.3d at 1324-25; *Pringle v. United States*, 208 F.3d 1220, 1223 (10th Cir.

2000). An alleged tortfeasor's status as either an employee or an independent contractor of a federal agency is not an element of a plaintiff's tort claim for purposes of the FTCA, and may properly be decided under Rule 12(b)(1). *See Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995); *see also Curry v. United States*, 97 F.3d 412, 413 (10th Cir. 1996) (independent contractor status decided as a preliminary matter after an evidentiary hearing); *cf. Pringle*, 208 F.3d at 1223 (*Feres* doctrine, barring claim for injuries incident to military service, implicates merits issues and requires summary judgment procedure).

In this case, Defendant challenges the underlying factual basis for Plaintiff's assertion of jurisdiction under the FTCA, and thus, Plaintiff's allegations need not be accepted as true. Further, because the jurisdictional issues are not intertwined with the merits of Plaintiff's tort claim, Defendant's Motion may be decided under Rule 12(b)(1) by considering matters outside the Amended Complaint.

## Discussion

### A. Independent Contractor Exception

Defendant invokes the independent contractor exception to the FTCA's waiver of sovereign immunity based on documents identifying Mr. Ryan as the person mopping the floor and creating the wet spot that caused Plaintiff's fall, and the written contract between USPS and Mr. Ryan. Plaintiff contends Mr. Ryan's status cannot be determined on these facts alone, and that discovery is necessary to determine "Mr. Ryan's duties and the extent of control exercised by USPS over his work." *See* Pl.'s Resp. Br. [Doc. No. 12] at 7. Further, Plaintiff argues that discovery may reveal that a USPS employee other than Mr. Ryan was also involved in creating the hazardous condition or failing to correct or

warn of it. *See id*. at 11-12. In reply, Defendant addresses the need for jurisdictional discovery only implicitly, arguing that the existing record shows that Mr. Ryan was solely responsible for any hazard created by his mopping and that he was an independent contractor. Although this case presents a close question, the Court finds that Plaintiff should be allowed to conduct a limited amount of jurisdictional discovery focused on the narrow issue of Mr. Ryan's status as an independent contractor.

First, the parties agree on the legal standard governing the issue of Mr. Ryan's status as an independent contractor:

> [T]he "critical question" in determining whether an individual is a federal employee or an independent contractor for purposes of the FTCA is "whether the federal government has the power to control the detailed physical performance of the individual." *Duplan v. Harper*, 188 F.3d 1195, 1200 (10th Cir. 1999). Under this "control test," we must determine whether the government supervises the individual's day-to-day operations. *Id*. . . . [O]ur inquiry involves consideration of a number of factors, including:
>
>> (1) the intent of the parties; (2) whether the United States controls only the end result or may also control the manner and method of reaching the result; (3) whether the person uses his own equipment or that of the United States; (4) who provides liability insurance; (5) who pays social security tax; (6) whether federal regulations prohibit federal employees from performing such contracts; and (7) whether the individual has authority to subcontract to others.

*Tsosie v. United States*, 452 F.3d 1161, 1163-64 (10th Cir. 2006) (quoting *Lilly v. Fieldstone*, 876 F.2d 857, 859 (10th Cir. 1989)); *see* Pl.'s Resp. Br. [Doc. No. 12] at 5-6; Def.'s Reply Br. [Doc. No. 13] at 6; *accord Curry*, 97 F.3d at 414.

Defendant contends the facts necessary to evaluate the pertinent factors are apparent from the terms of the written contract between USPS and Mr. Ryan. In the Court's view,

7

while some pertinent facts may be determined from the contract, others are not so clear. The contract unequivocally states the intent of the parties that Mr. Ryan was "performing this [cleaning] service as an independent contractor and not an employee of the Postal Service." *See* Mot. Dismiss, Ex. 2 [Doc. No. 11-2] at 2. USPS's obligation to provide cleaning equipment and supplies is also stated. *Id*. The right of Mr. Ryan to subcontract the work and his obligation to pay social security taxes can be gleaned from the contract. The contract does not address liability insurance, but it does include an indemnity provision for claims "resulting from the negligent acts or omissions of the supplier, his/her agents, employees, or representatives." *Id*. Perhaps more importantly, the contract states the desired result – a cleaning service "of the kind and quality offered and sold in the commercial marketplace under commercial terms and conditions" – and reserves to USPS the right to reject unsatisfactory work. *Id*. However, the contract does not clearly indicate whether USPS controlled only the end result, as argued by Defendant, or whether USPS could control the manner and method of reaching this result.

The Cleaning Services Agreement is a USPS form that was apparently used to engage Mr. Ryan's services at the Newalla postal facility according to "Cleaning Services Local Buying Agreement Guidelines." *Id*. at 1. It appears to be executed by USPS's postmaster in Newalla, David Unsell, and Mr. Ryan, and authorizes bi-weekly payments at an annual rate for a 12-month period. Apart from the provisions highlighted by Defendant, which concern the legal relationship between the parties, the contract is silent concerning facts that may be relevant to determining whether USPS employees at Newalla exercised supervision or control over day-to-day operation of Mr. Ryan's cleaning

8

services, for example, access to the facility, timing and frequency of services, and the use of barriers or warning signs (arguably, to be supplied by USPS as "equipment and supplies"). Plaintiff notes that the contract does not prohibit the Newalla postmaster from imposing specific requirements for cleaning services or maintenance of the facility. It is also unclear from the contract what duties were encompassed within Mr. Ryan's job to provide commercial cleaning services.

Turning to the issue of jurisdictional discovery, the Court has discretion to permit discovery on factual issues raised by a motion to dismiss under Rule 12(b)(1), and to shape the scope of any necessary discovery. *See Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1188-89 (10th Cir. 2010); *Sizova*, 282 F.3d at 1326. "[A] refusal to grant discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant," such as "where pertinent facts bearing on the question are controverted or where a more satisfactory showing of the facts is necessary." *Sisova*, 282 F.3d at 1326 (citations and internal quotation omitted); *see also Dutcher v. Matheson*, 840 F.3d 1183, 1195 (10th Cir. 2016); *Breakthrough Mgmt. Grp.*, 629 F.3d at 1189. Plaintiff bears the burden, as the party seeking discovery, to demonstrate her entitlement to jurisdictional discovery and the resulting prejudice from its denial. *See Breakthrough Mgmt. Grp.*, 629 F.3d at 1189 & n.11; *see also Dutcher*, 820 F.3d at 1195.

In this case, Plaintiff has neither filed a motion to conduct jurisdictional discovery nor clearly articulated the nature of any discovery that she deems necessary. As noted by the court of appeals, requiring the party seeking jurisdictional discovery to show prejudice from a lack of discovery "is particularly fitting when a party has challenged the district

court's subject matter jurisdiction on immunity grounds. In that context, [courts] have concerns about burdening the potentially sovereign party with discovery . . . ." *Breakthrough Mgmt. Grp.*, 629 F.3d at 1189 n.11. However, the Court finds that Plaintiff's informal request for discovery in her brief is sufficient, although barely, to show that denying her an opportunity for discovery would be prejudicial because a more satisfactory showing of facts regarding Mr. Ryan's status is necessary and, as a practical matter, a resolution of the issue may be dispositive of the case.

Therefore, the Court finds that the existing record is insufficient to determine whether the independent contractor exception excludes Plaintiff's action from the FTCA's waiver of Defendant's sovereign immunity from suit, but this issue should be reserved for future decision after limited discovery focused on jurisdictionally relevant facts.[4]

**B.    Equitable Estoppel**

Plaintiff also asserts that Defendant should be estopped from relying on Mr. Ryan's status as an independent contractor because USPS never raised this issue during the administrative process or in settlement negotiations regarding her FTCA claim. Plaintiff recognizes, however, that she "'must make a showing of affirmative misconduct on the part of the government'" to establish her equitable estoppel theory of avoiding sovereign immunity. *See* Pl.'s Resp. Br. [Doc. No. 12] at 13 (quoting *Reid v. United States*, 626 F. App'x 766, 769 (10th Cir. 2015); citing *Tsosie*, 452 F.3d at 1166). To establish affirmative

---

[4] The Court notes that Plaintiff's claim is based on a particular slipping hazard created by Mr. Ryan's mopping. Thus, an inquiry into general building maintenance, unrelated to Mr. Ryan's mopping work, is not needed to determine whether the independent contractor exception applies to Plaintiff's claim.

10

misconduct in this case, Plaintiff relies solely on the fact that USPS engaged in settlement negotiations during the administrative process without alerting her to the possibility that the cleaning person alleged to be responsible for her slip and fall was an independent contractor.

A similar argument has been expressly rejected by the Tenth Circuit. *See Lurch v. United States*, 719 F.2d 333, 341 (10th Cir. 1983). Plaintiff has not alleged any facts to show USPS "acted in such a way that [she] had a right to believe that [Mr. Ryan] was an employee of the United States for FTCA purposes." *Id*. Nor has Plaintiff shown that USPS "delayed unreasonably in raising the independent contractor defense." *Id*. Plaintiff waited almost two years after her accident before filing an administrative claim regarding her injuries. Plaintiff's delay in pursuing her claim, not USPS's attempt to settle it, prevented her from learning of the independent contract issue in time to file suit against Mr. Ryan. Therefore, Plaintiff's alternative theory of FTCA jurisdiction is unfounded.

**Conclusion**

For these reasons, the Court finds that it cannot determine on the existing record whether subject matter jurisdiction exists over Plaintiff's FTCA claim against the United States, but that Plaintiff cannot rely on equitable estoppel to establish jurisdiction.

IT IS THEREFORE ORDERED that the United States' Motion to Dismiss [Doc. No. 11] is RESERVED in part for future decision, but GRANTED as to Plaintiff's equitable estoppel theory.

IT IS FURTHER ORDERED that Plaintiff is authorized to conduct limited jurisdictional discovery, focused on the issue of whether her claim falls within FTCA's

waiver of sovereign immunity for tort claims based on conduct of a federal employee. Plaintiff shall file a supplemental brief, if appropriate, within 60 days from the date of this Order. Defendant may respond within 14 days thereafter.

    IT IS SO ORDERED this 17th day of October, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE